BLODGETT & ORSWELL CO. v. GEORGE S. LINGS & CO.

(District Court, D. Rhode Island. March 13, 1912.)

No. 2,935.

JUDGMENT (§ 622*)—RES. JUDICATA—QUESTIONS CONCLUDED.

A judgment for a seller for the contract price, rendered after a trial on the merits involving the defense that the sale was by sample and that the goods delivered were not in accordance with the sample, bars a subsequent action by the buyer for damages based on the same claim, though at the former trial he dismissed his affirmative claim for damages based on the same matter.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1136; Dec. Dig. § 622.*

Conclusiveness of judgment as dependent on theory of action or recovery, see note to Millie Iron Mining Co. v. McKinney, 96 C. C. A. 163.]

At Law. Action by the Blodgett & Orswell Company against George S. Lings & Co. Judgment for defendant.

Edward W. Blodgett, for plaintiff.

John I. Devlin (George W. Bristol, of counsel), for defendant.

BROWN, District Judge. This is an action on the case, originally brought in the state court, but removed to the Circuit Court.

The declaration alleges that the defendants, copartners as George S. Lings & Co., agreed to supply yarn for the manufacture of spool cotton, said yarn to be of same quality as sample skeins, and alleges the failure of the defendants to deliver yarn in accordance with the agreement, and the delivery of other yarn of inferior quality, which could not be used by the plaintiff; that it notified defendants that the yarn did not compare as to quality with sample skeins, and refused to accept the same. It alleges damages arising from its inability to supply its customers with thread in consequence of the failure of defendants to fulfill its contract, etc.

The defendants plead in bar the judgment obtained against the present plaintiff by the defendants, which they contend is a full determination between the parties of the matters set forth in the plaintiff's declaration.

In the former action the present defendants brought suit for the contract price. The defendant filed a general denial, and also set up certain matters both as a distinct defense and by way of counterclaim; that the yarn was to be used by the defendant in its special manufacture, and to be of a quality equal to samples; that the yarn was not equal to samples, and was so full of imperfections that it could not be used by the defendant.

The third to the eighth paragraphs of the defendant's answer are in substance like the declaration in the present case. Upon the face of the answer, however, this matter was set up both as a defense to the plaintiff's alleged cause of action and by way of counterclaim thereto.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

The defense was that the sale was by sample, and that the yarn delivered was not in accordance with the samples, and was unfit for use for the purpose intended.

The plaintiff denied that the sale was by sample, and further contended that, even though there was a sale by sample, there was a good delivery in accordance with the sample.

Upon the issues submitted to the jury they may have found either that the sale was not by sample or that it was by sample, and whichever they may have found the verdict is conclusive evidence that they found that delivery was in accordance with the agreement.

The plaintiff contends that in the former case the counterclaim, practically a copy of the declaration filed in this case, was dismissed by consent, and also claims that the trial of the question of damages was waived as an issue in the New York case.

The error of the present plaintiff is in the failure to recognize the fact that its answer stood as a matter of defense, and that, this defense being disposed of, the basis of a counterclaim for damages was removed and finally disposed of by the judgment.

The record clearly discloses that the defendant did rely upon the defense of sale by sample and quality and the lack of conformity, and that the goods were ordered for a specific purpose. Though the defendant's affirmative claim for damages was withdrawn or dismissed, the substantial issue of whether the goods were delivered in accordance with the contract was not dismissed or withdrawn. Upon the record as it stands the third to the eighth paragraphs of the answer were not stricken out as matters of defense.

The following portion of the record clearly shows that the matters set forth as the basis of a counterclaim were relied upon as matters of defense, and that only the affirmative claim for damages to the defendant was withdrawn.

"The Court: You intend to offer no proof on the counterclaim for damages?
"Mr. McKee: Simply rely on the defense, sale by sample and quality.
"The Court: And the lack of conformity?
"Mr. McKee: Lack of conformity, goods ordered for a specific purpose. That will be simply resting upon the matters of defense, and not the affirmative counterclaim.
"Mr. Bristol: May I renew my motion at this time to dismiss the counterclaim?
"The Court: Have you any objection?
"Mr. McKee: No objections, as we don't intend to rely upon it as a counterclaim.
"The Court: The counterclaim is dismissed by consent."

The defendant's plea is sustained. Judgment may be entered for the defendant.